March 25, 1902. The opinion of the Court was delivered by *Page 206 
This is an appeal from an order refusing the petition of the administrator with the will annexed of James Cox, deceased, to be made a party to an action brought by the administrator cum testamento annexo
of the surviving partner of the firm of Tunno Cox, for instruction as to the proper disposition of a fund paid to him. The fund amounted to $21, 167.80, and was in payment of an award upon a French spoliation claim. Previously the United States had filed a petition asking to be made a party defendant upon the ground that inasmuch as there were no heirs at law or next of kin of James Cox living, the government was entitled to recover and receive back all such funds paid over by it to B.H. Rutledge, as administrator,c., as were allowed and paid over to him as the supposed representative of the next of kin of James Cox, and by an order of the Court, the United States was allowed to intervene and became a party defendant. The order refusing the petition of the administrator of James Cox to be made a party to the action is as follows: "This cause comes up before me on a motion made by the petitioner, John Johnson, administrator with the will annexed of James Cox, to intervene in the cause, with leave to plead, answer or demur. The motion is resisted by the plaintiff, B.H. Rutledge, administrator de bonis non cum testamento annexo
of Adam Tunno, and the defendant, Alfred Sartoris, and the United States of America, upon the ground that the petitioner is neither a necessary nor proper party. It nowhere appears that there are next of kin or heirs at law of James Cox, who were living and entitled to take under the act of Congress of March 3d 1891, at the time of its passage, but, on the contrary, it is alleged by the United States of America that if there be no heirs at law or next of kin living, that under the various acts of Congress and laws and decisions relating thereto, the United States is entitled to recover and receive back all funds paid out by it to B.H. Rutledge, administrator de bonis non cum testatemto annexo
of Adam Tunno, surviving partner of Tunno Cox, *Page 207 
as were allowed and paid over to him as the supposed representative of the next of kin of the said James Cox, as set forth in the complaint in this action; and it further appears from the answer of Alfred Sartoris, that this defendant claims that said Adam Tunno in his lifetime having made full settlement of the partnership affairs with the estate of the said James Cox, the heirs at law or next of kin of James Cox cannot, under such circumstances, be entitled to any portion of the fund. Upon this state of facts as disclosed by the pleadings I am of opinion that at the present time the motion to intervene should not be allowed. Therefore, after hearing argument, it is ordered, that the motion be refused, without prejudice to the right of the petitioner to renew his motion in case it shall hereafter appear in this case that there are heirs at law or next of kin of James Cox, who were living at the time of the passage of the act of Congress of March 3d 1891, entitled to take; and that at such time the administrator with the will annexed of James Cox is either a necessary or proper party hereto, and that the defendant, Alfred Sartoris, is unsuccessful in his contention as to being entitled to said fund, and the United States of America be unsuccessful in its contention."
Though the exceptions are numerous, the appellant's attorney in his argument says: "The principal point in the case is that: His Honor erred in not holding that appellant, as administrator cum testamento annexo of the estate of the late James Cox, is the representative of the next of kin of the said James Cox and entitled to the possession of the one-half of fund, and is, therefore, a necessary party to the cause."
Before discussing this question, it will be necessary to dispose of the preliminary objection to the jurisdiction of this Court on the ground that the said order is not appealable. Sec. 11 of the Code provides that "the Supreme Court shall have exclusive jurisdiction to review upon appeal * * * an order affecting a substantial right made in an action, when such order in effect determines *Page 208 
the action and prevents a judgment from which an appeal might be taken." In so far as the rights of the appellant are involved, the order affects a substantial right, and in effect determines the action and prevents a judgment from which an appeal might be taken. The order was, therefore, appealable.
We proceed to consider the question raised by the exceptions. As the merits of the action hereinbefore mentioned have not been determined, and as the trial of that action will still be necessary whether this Court sustains or dismisses the appeal, we deem it advisable to state briefly our views on the question under consideration, so as not to prejudice questions that may arise upon the trial of said case. In the case of Blagge v. Balch, 16 Sup. Ct. R., 863, the syllabus, which correctly states the principle decided, is as follows: "The act of March 3, 1891, making appropriations to pay certain French spoliation claims contained a proviso that in all cases `where the original sufferers were adjudicated bankrupts, the awards shall be made on behalf of the next of kin instead of to assignees in bankruptcy, and the awards in cases of individual claimants shall not be paid until the Court of Claims shall certify to the secretary of the treasury that the personal representatives in whose behalf the award is made represent the next of kin, and the Courts which granted the administrations respectively shall have certified that the legal representatives have given adequate security for the legal disbursement of the awards.' Held, that the payments thus directed to be made were intended by Congress as payments by way of gratuity or of grace and not of right; that the beneficiaries in every case should be the next of kin, to the exclusion of creditors, legatees and assignees; that by the next of kin Congress meant the next of kin living at the date of the act, who were to be ascertained according to the statutes of distribution of the respective States of the domicile of the original sufferers." It is very evident that the administrator of James Cox can have no interest whatever in the fund except as the *Page 209 
representative of Cox's next of kin. The petition does not allege that there are next of kin, and the order was refused "without prejudice to the right of the petitioner to renew his motion in case it shall hereafter appear that there are heirs at law or next of kin of James Cox who were living at the time of the passage of the act of Congress of March 3d 1891, entitled to take." The appellant has no reason to complain of said order, since he is unable to state in his petition such facts as are necessary to make the judgment in the foregoing action effective as to him in case he was allowed to become a party to that action.
It is the judgment of this Court, that the order of the Circuit Court be affirmed.