13028

WILLIAMSON *ET AL.* v. RICHARDS, GOVERNOR *ET AL.*

(155 S. E., 890)

April, 1930.

542

*Messrs. D. W. Robinson* and *D. W. Robinson, Jr.,* for appellants,

*Messrs. John M. Daniel, Attorney General, Cordie Page* and *J. Ivey Humphrey, Assistant to the Attorney General, C. T. Graydon* and *R. E. Whiting,* for respondent,

November 17, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was commenced on March 19, 1930, by certain citizens and taxpayers of the State, against the Governor, State Treasurer, and State Highway Commission, to have a sale of $10,000,000.00 of bonds, known as State Highway Certificates of Indebtedness of the State of South Carolina, proposed to be made at the office of the Governor in Columbia, on the 21st day of March, 1930, declared null and void and the issuance of said bonds illegal. The complaint alleged that the issuance of the bonds at that time was entirely unwarranted and unnecessary, and that the manner of the proposed sale was illegal in respect to the terms of sale under which the bonds had been offered. It was not sought, however, to enjoin the defendants or to hold them to personal accountability for a judgment against them.

On March 29, 1930, the defendants served notice of a motion to dismiss the complaint, upon the ground that no one of the matters alleged in the complaint, in relation to the validity of the proposed bond issue, even if true, made such issuance and sale of the bonds illegal, in that: (1) There is no restriction on the exercise of discretion by the defendants, in regard to the issuance of the bonds authorized by the State Bond Act (Act March 14, 1929 [36 St. at Large, page 670]), except as set forth in the provisions of that Act itself, and does not appear from the allegations of the complaint that the proposed sale of bonds was authorized or failed to comply with the provisions of the Bond Act authorizing such issuance; (2) the condition in the

notice of sale that all charges and expenses of attorneys' fees and printing costs should be taken care of by the purchasers of bonds was not contrary to the provisions of the Highway Bond Act, but merely required the purchasers to make payment of the costs of the approving attorney's opinion . and of the bonds, that would otherwise have to be paid out of the proceeds of the sale of the bonds or from other funds of the State Highway Commission; (3) the allegations of the complaint do not show any violation of the terms of the State Highway Bond Act which is the law of the State, having been tested in the Supreme Court of the State and held by that Court to be constitutional in every respect; and (4) since the offer of the bonds for sale, and with full knowledge of all the terms and conditions of the sale and offer, the Legislature of South Carolina has passed in due form a law ratifying and confirming all and sundry the acts of the defendants in relation thereto, and completely foreclosing the plaintiffs and all other persons whomsoever from questioning the validity and sale of the bonds.

On April 2, the plaintiffs served on the defendants an amended and supplemental complaint, the first cause of action therein being identical with the original complaint, the second cause alleging the unconstitutionality of the Validating Act, and the prayer being the same as that of the original complaint.

The motion was heard by his Honor, Judge Ramage, who, on April 16, 1930, passed an order dismissing the complaint. The plaintiffs appeal. From a very careful examination of the record, this Court is satisfied with the order of the Circuit Judge, which fully and correctly disposes of all questions involved in the appeal. Let the order be reported.

In addition to what has been said by Judge Ramage, it may be observed that, following his order dismissing the complaint, the bonds were turned over

to the purchasers and the price paid. In the prosecution of the appeal subsequently taken, the contention is nevertheless presented that the plaintiffs as citizens and taxpayers have the right to question the validity and/or legality of the sale of the bonds. As the State's interests must suffer if any cloud whatever be permitted to exist concerning the legality of bonds offered for sale, or in the hands of purchasers, we deem it proper to reiterate here the ruling made by the *en banc* Court in declaring the constitutionality of the Highway Bond Act—a ruling which was itended to be conclusive of all questions that might be raised by any taxpayers of the State concerning the validity of State certificates of indebtedness that might be issued under the authority of the provisions of the Act, and brought under attack. In that decision, *State ex rel. Richards v. Moore,* 152 S. C., 455, 150 S. E., 269, 289, it was said:

"The judgment of this Court is that the Act in question, including all of its articles, sections, provisions, sentences, and clauses, be and is hereby declared constitutional and valid, and of full force and effect, and that, the injunction prayed for, in each of the said cases be denied and the petition dismissed."

This adjudication of the Highway Bond Act we are bound to follow. The *en banc* Court, in construing that Act, held that, as payment of the bonds to be issued under its provisions was to be made primarily from a special fund, the gasoline and license taxes which might reasonably be expected, to be sufficient for that purpose, the question of the issuance and sale of the bonds was not required by the Constitution to be submitted to the people. However, although the bonds are payable primarily from the special fund, by express provision (Section 4) of the Act, the full faith, credit, and taxing power of the State, including its power to levy property taxes, stand pledged to the payment of the bonds to be issued. And this applies, of course, to the $10,-000,000.00 issue of bonds offered for sale on March 21,

1930, under the administrative provisions of the Act. Any question as to the validity of bonds issued and sold under the Act—unless issued and sold in distinct violation of its provisions—is no longer open to our consideration.

Furthermore, in the case at bar, the plaintiffs did not ask for an injunction or a writ mandamus, to prevent the sale of the bonds or to control or direct the action of the defendants in any manner whatsoever. Hence the defendants could legally proceed with the sale, which they did. Consequently, it would be impossible for the Court to restore the status *quo ante*, even if it desired to do so. Also, it was within the province of·the Legislature to declare, as a matter of public policy, the conditions upon which suits of this kind, pending or to be brought, might be prosecuted (36 Statutes at Large, page 1221). This Act requiring the plaintiff to give an indemnity bond of not less than $25,000.00, in the manner and for the purposes named in the Act was approved March 21, 1930, during the pendency of this suit; it is admitted that.the plaintiffs did not, after the passage of the Act, make application to the Court for leave to prosecute the action, nor did they file a bond as required by the Act. For these reasons, also, it would have been proper for the Circuit Judge to have dismissed the action.

The order appealed from is affirmed.

MESSRS. JUSTICES BLEASE and CARTER concur.

MR. JUSTICE COTHRAN (concurring in result: I concur in the result of this opinion, basing my concurrence upon the conclusion stated in the last paragraph of the opinion beginning with the word "furthermore" and ending with the word "action." In other respects I do not agree with the conclusions announced. I recognize, of course, that the decision of the Court *en banc* in the case of *State ex rel. Richards v. Moore,* 152 S. C., 455, 150 S. E., 269, is binding upon this Court, the finality of which decision I have not the slightest disposition to question; and upon this point

I concur fully in the concurring opinion of Mr. Justice Blease.

Mr. Justice Blease (concurring): In the case of *State ex rel. Richards v. Moore et al.,* 152 S. C., 455, 150 S. E., 269, the Supreme Court had before it for determination questions pertaining to the constitutionality of Act No. 297 of the General Assembly of the year 1929, commonly referred to as "The State Highway Bond Act" (36 Stats., page 670). The late Chief Justice, Honorable R. C. Watts, Mr. Justice Cothran, and I were of the opinion that the Act was in conflict with the Constitution of the State. Mr. Justice Stabler and Mr. Justice Carter were of the opinion that the Act was constitutional. Under the provisions of Section 12 of Article 5 of the Constitution, there being "involved a question of constitutional law * * * upon the determination of which the entire Court" was "not agreed," the Chief Justice, as required of him by the Constitution, called "to the assistance of the Supreme Court all of the Judges of the Circuit Court." Upon the hearing of the cause by the Justices of the Supreme Court and the Circuit Judges, as the Constitution plainly required to be done, the Court as then constituted, commonly called the Court *en banc,* by a majority of the Judges assembled, declared the Act under consideration in conformity with all the provisions of the Constitution of the State.

In the case of *Citizens Bank v. Heyward,* 144 S. C., 365, 142 S. E., 651, 652, the Court *en banc* held, under the provisions of the Constitution to which I have referred, that the decision of the Court *en banc* in a cause was "final and conclusive."

I am bound by the decisions of the Court *en banc* in the two cases mentioned above, to hold that the Act of the General Assembly mentioned before is constitutional. I have no right at this time, under the Constitution of the State, to question the correctness of the decision of the Court *en*

*banc.* Being so bound, I must, and do concur in the opinion of Mr. Justice Stabler in this case.