16482

STATE v. CASTLEMAN

(64 S. E. (2d) 250)

*Mr. A. L. King,* of Georgetown, *for Appellant,*

*Mr. Frank A. McLeod, Solicitor,* of Sumter, *for Respondent.*

March 23, 1951.

HENDERSON, Acting Associate Justice.

In one count in the indictment the defendant was charged with possession of unstamped alcoholic liquor, and in another count with storing such liquor.

At the conclusion of the evidence the Circuit Judge directed a verdict of not guilty as to the charge of storing, and the trial thereupon proceeded on the other count. The defendant was found guilty of unlawful possession, and was sentenced to imprisonment for fifteen days or to pay a fine of $100.00.

Under the Act of March 27, 1948, 45 St. at Large, page 2194, the penalty for a first conviction of unlawful possession is imprisonment for not more than thirty days or a fine of not more than $100.00, and for subsequent convictions imprisonment for not more than one year or a fine of not more than $1,000.00. The record shows that this was a first conviction.

We do not think that the Court of General Sessions has jurisdiction to try a person for a first offense of unlawful possession of intoxicating liquor. Article 5,

section 18, of the Constitution provides that the Court of General Sessions shall have jurisdiction in all criminal cases except those in which exclusive jurisdiction shall be given to inferior courts, and in these it shall have appellant jurisdiction. It shall also have concurrent jurisdiction with, as well as appellate jurisdiction from, the inferior courts in all cases of riot, assault and battery, and larceny.

In setting out the jurisdiction of magistrate courts the Constitution, in Article 5, section 21, says that they shall have exclusive jurisdiction in such criminal cases as the General Assembly may prescribe, such jurisdiction not to extend to cases where the punishment exceeds a fine of $100.00, or imprisonment for thirty days.

In providing for those cases in which the magistrates shall have exclusive jurisdiction, the General Assembly has enacted section 3709 of the Code, and it is there stated that they shall have exclusive jurisdiction in all criminal cases in which the punishment does not exceed a fine of $100.00 or imprisonment for thirty days, except in cases of riot, assault and battery, and larceny, and the carrying of concealed weapons coupled with an offense in which such weapon is used. This section further says that magistrates shall have concurrent jurisdiction only with the Court of General Sessions in cases of riot, assault and battery, and larceny.

There has been no subsequent act of the Legislature giving the Court of General Sessions jurisdiction in cases of the first offense of unlawful possession of liquor.

It is thus apparent that the court of magistrate has exclusive jurisdiction of the first offense. This is clearly shown by the case of *State v. Brown*, 201 S. C. 417, 23 S. E. (2d) 381.

A defendant may, of course, waive his objection to the jurisdiction of the Court over his person, but he cannot by his consent, or by his failure to protest, confer upon a court authority to try him for a crime which

the Legislature has expressly placed within the exclusive jurisdiction of another tribunal. *American Agricultural Chemical Company v. Thomas,* 206 S. C. 355, 34 S. E. (2d) 592, 160 A. L. R. 594.

■ No question of jurisdiction was raised in the Circuit Court. If the defendant had made an objection on this ground, no doubt the Trial Judge would have withdrawn this charge from the jury. Nor does the appellant present the point in this Court, by exception or otherwise; but we think that we should raise the question of jurisdiction on our own motion, so as to preserve the orderly administration of justice and to prevent the punishment of the defendant under the present sentence. *Williamson v. Richards,* 158 S. C. 534, 155 S. E. 890; *Hunter v. Boyd,* 203 S. C. 518, 28 S. E. (2d) 412, 413.

■ This does not mean that the defendant walks away a free man. He may yet be tried by the magistrate. The trial in a court which was without jurisdiction of the first offense has not put him in jeopardy. *State v. Rountree,* 127 S. C. 261, 121 S. E. 205.

The judgment is accordingly reversed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.