### 18008

CITY OF SUMTER, Respondent, v. Alma GREGG and Joshua Prioleau, Appellants

(128 S. E. (2d) 685)

*Messrs. Ernest A. Finney, Jr.,* of Sumter, *William W. Bennett,* of Florence, and *Jenkins & Perry,* of Columbia, *for Appellants,*

*Messrs. C. M. Edmunds,* of Sumter, and *Daniel R. Mc-Leod, Attorney General,* and *Everett N. Brandon, Assistant Attorney General,* of Columbia, *for Respondents,* ▮▮▮▮▮▮

*Messrs. Ernest A. Finney, Jr.,* of Sumter, *William W Bennett,* of Florence, and *Jenkins & Perry,* of Columbia, *for Appellants, by way of Supplemental Brief,* ▮▮▮▮▮▮

December 17, 1962.

BRAILSFORD, Justice.

The defendants and two other persons were convicted in Recorder's Court for the City of Sumter on the charge of parading without a license, in violation of an ordinance of the City. At the same time, the defendants were convicted on charges of resisting arrest.

On appeal to the circuit court, all convictions for parading without a license were set aside, upon the ground that the ordinance in question was unconstitutional. The convictions of these defendants on charges of resisting arrest were affirmed. The only issues here arise on the defendants' appeal from affirmance of these convictions.

The jurisdiction of the trial court to convict and sentence the defendants on the charge of resisting arrest is challenged for the first time on this appeal. The challenge is to jurisdiction of the offense and may be raised at any time, can not

be waived and should be noticed by the court, even though the parties do not object. 24 C. J. S., Criminal Law, § 1675; *State v Castleman,* 219 S. C. 136, 64 S. E. (2d) 250.

The warrant charged that the defendants did parade without a permit and did resist arrest, "in violation of an Ordinance of City of Sumter in such cases made and provided." At the outset of the trial, the recorder read the "parading without-a-permit" ordinance and advised the defendants that they were charged with having violated it. He made no reference to any other ordinance, and none appears anywhere in the record, and simply advised the defendants that they were "additionally charged with resisting arrest." However, during oral argument here, counsel for the City produced an ordinance by which they undertook to establish jurisdiction in the recorder. It reads as follows:

" 4.  *Resisting or interfering with policemen.*

"It shall be unlawful for any person in any manner to hinder, impede, resist arrest or otherwise interfere with any police officer of the city while in the discharge of his duty either by words, signs, actions or otherwise. (Ord. No. 222, 9/23/24.)"

The conduct proscribed by the terms of the ordinance is resistance of or interference with a police officer of the City of Sumter in the discharge of his duty. The record shows that these defendants were arrested by an officer of the S. C. Law Enforcement Division and one or more deputy sheriffs of the county of Sumter. It nowhere appears that a city police officer participated in these arrests or was resisted or interfered with by the defendants in any way. If the conduct ascribed to the defendants by these officers amounted to resistance of arrest, it was an offense against the common law, not encompassed by the terms of the ordinance, and the recorder had no jurisdiction.

Reversed.

TAYLOR, C. J., Moss and LEWIS, JJ., and LEGGE, Acting J., concur.