Alexander PETERKIN, Personal Representative of the Estate of Annie Denise Peterkin, Deceased, Respondent v. Mitchell Allen BRIGMAN, Appellant.

(461 S.E. (2d) 809)

Supreme Court

Apr. 10, 1995.

### ORDER

Appellant has appealed an order of the circuit court which refused to enforce an alleged settlement agreement. Respondent moves to dismiss this appeal alleging the order is not directly appealable. We agree and dismiss the appeal.

This is a wrongful death and survival action. The parties filed motions to consummate the settlement allegedly entered into by the parties. As noted by the circuit judge, any settlement agreement in a wrongful death or survival action is not enforceable unless it is approved by an appropriate court. S.C. Code Ann. §§ 15-51-41 and -42 (Supp. 1994). Here, the judge declined to approve the alleged agreement finding there was no "meeting of the minds."

The right to appeal in this case in controlled by S.C. Code Ann. § 14-3-330 (1976) & Supp. 1994). Only two of its provisions are potentially applicable to this matter. First, § 14-3-330(1) allows the appeal of an interlocutory order "involving the merits." To involve the merits, the order must "finally determine some substantial matter forming the whole or part of some cause of action or defense. . . ." *Mid-State Distributors, Inc. v. Century Importers, Inc.*, 310 S.C. 330, 426 S.E. (2d) 777 (1993). The refusal to approve the alleged settlement agreement does not determine anything about any cause of action or defense in this case. Therefore, the order is not immediately appealable as "involving the merits."

Under § 14-3-330(2), an order which affects a substantial right and in effect determines the action and prevents a judgment from which an appeal may be taken is immediately appealable. The order in this case does not prevent a judgment from being rendered in the action, and appellant can seek review of the current order in any appeal from final judgment. Therefore, the order is not immediately appealable under § 14-3-330(2). *Ex parte Johnson*, 63 S.C. 205, 41 S.E. 308 (1901).

Accordingly, this appeal is dismissed without prejudice. No costs or attorneys fees shall be assessed against either party under Rule 222, SCACR.

It is so ordered.

/s/ Ernest A. Finney, Jr., C.J.
/s/ Jean H. Toal, J.
/s/ James E. Moore, J.
/s/ John H. Waller, Jr., J.