564 S.E.2d 377

**Mary TATNALL f/k/a Mary Dunn, Plaintiff,**

**v.**

**Betty Jo GARDNER and Joy Logan, Treasurer
of Beaufort County, Defendants,**

**Of Whom Mary Tatnall f/k/a Mary Dunn and
Betty Jo Gardner are Respondents,**

and

**Joy Logan, Treasurer of Beaufort County is the Appellant.**

No. 3498.

Court of Appeals of South Carolina.

Submitted April 8, 2002.
Decided May 20, 2002.

Patrick M. Higgins and Stephen P. Hughes, of Howell, Gibson & Hughes, of Beaufort, for appellant.

R. Nicholas Felix, of Bethea, Jordan & Griffin; and J. Ray Westmoreland, both of Hilton Head, for respondents.

HOWARD, J.

This is an appeal from an order denying Joy Logan's motions to reconsider and amend her pleadings to assert third party claims against Betty Jo Gardner. Because all third party claims are permissive, the trial court's order denying Logan's motions to reconsider and amend neither determines a substantial matter "forming the whole or part of some cause of action," nor prevents "a judgment from being rendered in the action" from which Logan could appeal. Therefore, this Court lacks subject matter jurisdiction to hear the appeal and it is dismissed without prejudice.

"The jurisdiction of a court over the subject matter of a proceeding is determined by the Constitution, the laws of the state, and is fundamental." *Anderson v. Anderson*, 299 S.C. 110, 115, 382 S.E.2d 897, 900 (1989). Subject matter jurisdiction may not be waived even with consent of the parties. *Hunter v. Boyd*, 203 S.C. 518, 525, 28 S.E.2d 412, 416 (1943). The issue of subject matter jurisdiction may be raised at any time including when raised for the first time on appeal to this Court. *Brown v. State*, 343 S.C. 342, 346, 540 S.E.2d 846, 848–49 (2001). Furthermore, this Court must, on its own motion, raise the issue of subject matter jurisdiction to ensure the "orderly administration of justice." *State v. Castleman*, 219 S.C. 136, 139, 64 S.E.2d 250, 252 (1951).

[This Court] shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal: (1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas . . . (2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action . . .

S.C.Code Ann. § 14–3–300(1)–(2) (1977). Absent some "specialized statute," this Court is not permitted to hear a case on appeal not comporting with the requirements of this section. *Woodard v. Westvaco Corp.*, 319 S.C. 240, 242–43, 460 S.E.2d 392, 393–94 (1995); *see also* Rule 201, SCACR (stating an

appeal may only "be taken ... from any final judgment or appealable order"); Rule 72, SCRCP (stating an appeal may only "be taken ... from any final judgment or appealable order").

■ "To involve the merits," pursuant to section 14–3–330(1), "the order must 'finally determine some substantial matter forming the whole or part of some cause of action or defense.'" *Peterkin v. Brigman*, 319 S.C. 367, 368, 461 S.E.2d 809, 810 (1995) (*quoting Mid–State Distribs., Inc. v. Century Importers, Inc.*, 310 S.C. 330, 334, 426 S.E.2d 777, 780 (1993) (citations omitted)); *see Shields v. Martin Marietta Corp.*, 303 S.C. 469, 470, 402 S.E.2d 482, 483 (1991); *cf. Collins v. Sigmon*, 299 S.C. 464, 466, 385 S.E.2d 835, 836 (1989) (holding an order allowing the amendment of pleadings is generally not immediately appealable).

■ Pursuant to section 14–3–330(2), this Court may not review an order that "does not prevent a judgment from being rendered in the action, and [from which the] appellant can seek review ... in any appeal from [the] final judgment." *Peterkin*, 319 S.C. at 368, 461 S.E.2d at 810; *see Mid–State Distribs.*, 310 S.C. at 334 n. 4, 426 S.E.2d at 780 n. 4; *see also Robertson v. Bingley*, 6 S.C. Eq. (1 McCord Eq.) 333, 351 (Ct.App.1826) ("[A]n order which does not put a final end to the case, nor establish any principle which will finally affect the merits of the case, nor deprive the party of any benefit which he may have at a final hearing, ought to be considered an interlocutory order, from which no appeal ought to be allowed."); *Marshall v. Winter*, 250 S.C. 308, 312, 157 S.E.2d 595, 596–97 (1967) (indicating an order denying a motion is not appealable before final judgment in any respect in which it does not deprive the movant of a substantial right).

In the present case, the trial court's order denying Logan's motion to amend her answer to assert third party claims against Gardner neither determines a substantial matter "forming the whole or part of some cause of action," nor prevents "a judgment from being rendered in the action" from which Logan could then seek review. *See Peterkin*, 319 S.C. at 368, 461 S.E.2d at 810; *Mid–State Distribs.*, 310 S.C. at 334 n. 4, 426 S.E.2d at 780 n. 4. At the conclusion of the present action, Logan may either appeal the trial court's order deny-

ing her motion to amend or file a separate, first-party suit against Gardner. *See N.C. Fed. Sav. & Loan Assoc. v. DAV Corp.*, 298 S.C. 514, 519, 381 S.E.2d 903, 906 (1989) (holding third party claims are permissive in nature and may be brought in subsequent actions).

Accordingly, Logan's appeal is dismissed without prejudice.

**APPEAL DISMISSED.[1]**

HEARN, C.J., and GOOLSBY, J., concurring.

---

1. Because oral argument would not aid the Court in resolving any issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.