THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 James Alfred Goff, Appellant,
 
 
 

v.

 
 
 
 Drenetha Dale Goff, Respondent.
 
 
 

Appeal From Horry County
 H. E. Bonnoitt, Jr., Family Court Judge

Unpublished Opinion No. 2007-UP-012
Heard December 7, 2006  Filed January 11, 2007

AFFIRMED

 
 
 
 Irby E. Walker, Jr., of Conway, for Appellant.
 Joseph F. Singleton, of Conway, for Respondent.
 
 
 

PER CURIAM: James Alfred Goff (Husband) appeals from a family court order requiring him to pay $800 per month in permanent periodic alimony and $14,000 in attorneys fees to Drenetha Dale Goff (Wife).   Specifically, Husband contends the trial judge erred in denying his request that the order for alimony be declared null and void because the family court failed to comply with the South Carolina Uniform Veterans Act.   Husband further contends the trial judge erred in awarding Wife attorneys fees.  We affirm.
FACTS
Husband, a veteran of the United States Army, married Wife, a high school teachers assistant, on December 31, 1975.  Before the marriage, on September 24, 1969, Husband was involved in a truck accident, leaving him brain damaged.  In January of 1970, the medical board of the Veterans Administration (Administration) determined Husband suffered from severe organic brain syndrome, manifested by a generalized slowing of cerebral function.  Despite Husbands brain damage, the Administration determined Husband had been rated competent for VA purposes[1] since October 12, 1970.  Husband received monthly disability benefits from the Administration for his inability to work, and his only other source of income was from social security, the combination of which totaled a gross monthly income of $2,600.32.  Wife had a gross monthly income of $1,039.60.  
On July 16, 1999, Wife brought a divorce action against Husband based upon adultery, seeking inter alia, alimony and payment of her attorneys fees.  Husband requested a guardian ad litem, and upon the consent of the parties, the trial judge appointed Husbands brother, Eddie Goff, as his guardian.  
On September 29, 2000, the trial judge issued a final order and divorce decree in favor of Wife on the grounds of Husbands adultery.   Pursuant to an agreement between Husband and Wife,[2] the trial judge ordered Husband to pay Wife $800 per month in permanent periodic alimony, beginning October 1, 2000.  
On January 13, 2004, Husband brought an action in family court before the same trial judge, seeking to reduce his alimony payments to Wife.  Husband further alleged: (1) his guardian ad litem did not have authority to enter into the alimony agreement on his behalf; and (2) the trial judge did not have subject matter jurisdiction to order his Veterans Administration funds to be utilized for the payment of alimony because the family court failed to comply with the Uniform Veterans Guardianship Act (the Act).  Upon these grounds, Husband requested the alimony provisions of the order be declared void ab initio.  
In February of 2004, Husband requested of the Administration that he be rated incompetent and appointed a fiduciary, but the Administration denied his request, again finding him competent to handle his VA financial affairs based on his ability to pass a series of stringent medical tests.  The Administration did, however, find him one-hundred percent mentally disabled as a result of his injuries.  Yet, due to his level of competency, the Administration never determined it necessary to appoint a guardian for Husband to receive his veterans benefits.    
After a hearing on Husbands complaint on September 15, 2004, the trial judge issued a final order, finding the family court had jurisdiction over the subject matter of the action and Husbands guardian ad litem was authorized by law to reach decisions in the Husbands best interest.  The trial judge also denied Husbands request for modification of Wifes alimony and ordered that Husband pay Wife $14,000 in attorneys fees and costs.  This appeal followed.  
STANDARD OF REVIEW
Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong.  State v. Laney, 367 S.C. 639, 649, 627 S.E.2d 726, 732 (2006); Coon v. Coon, 364 S.C. 563, 566, 614 S.E.2d 616, 617 (2005).  Issues related to subject matter jurisdiction may be raised at any time.  Laney, 367 S.C. at 649, 627 S.E.2d at 732; see also Tatnall v. Gardner, 350 S.C. 135, 137, 564 S.E.2d 377, 378 (Ct. App. 2002) (The issue of subject matter jurisdiction may be raised at any time including when raised for the first time on appeal to this Court.).
Subject matter jurisdiction is a question of law for the court.  Murphy v. Owens-Corning Fiberglas Corp., 346 S.C. 37, 43, 550 S.E.2d 589, 592 (Ct. App. 2001), overruled on other grounds by Farmer v. Monsanto Corp., 353 S.C. 553, 579 S.E.2d 325 (2003).  Questions of law may be decided with no particular deference to the trial court.  Moriarty v. Garden Sanctuary Church of God, 341 S.C. 320, 327, 534 S.E.2d 672, 675 (2000).
LAW/ANALYSIS
I.  Alimony
Husband contends the trial judge erred in denying his request that the portion of the final order requiring him to pay alimony to Wife be declared null and void.  Husband specifically contends the trial judge erred in failing to find the family court did not have subject matter jurisdiction because it never notified the Administration of the divorce hearing as required by the Act.  We disagree and find subject matter jurisdiction is not implicated.
  Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong.  State v. Gentry, 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005).  The lack of subject matter jurisdiction may not be waived, even if the parties consent to the waiver.  Id.  By statute, the family court has subject matter jurisdiction to award alimony; therefore, even if the family court failed to comply with the notice requirements of the Act, the failure would not divest the family court of subject matter jurisdiction.  S.C. Code Ann. § 20-7-420 (14).   Because subject matter jurisdiction is not implicated, any complaint Husband had with regard to the notice requirements of the Act being followed needed to be timely raised to the trial judge in order to be preserved for review.  See Lucas v. Rawl Family Ltd. Partnership, 359 S.C. 505, 510-11, 598 S.E.2d 712, 715 (2004) (It is well settled that, but for a very few exceptional circumstances, an appellate court cannot address an issue unless it was raised to and ruled upon by the trial court.).  Husbands argument regarding the Act comes four years after alimony was ordered in this case.  Accordingly, it is not preserved for our review.
II.  Attorneys Fees
Husband next contends that if we reverse the trial judges order as to the validity of the alimony award, we should also reverse the award of attorneys fees.  Because we have affirmed the trial judge decision with regard to alimony, we affirm the award of attorneys fees as well.  
CONCLUSION
Accordingly, the trial judges order is
AFFIRMED. 
HEARN, C.J., and BEATTY and SHORT, JJ., concur.

[1] Competent for VA purposes indicates Husbands competency to handle his own finances provided him by the Administration.  
[2] Husband and Wife agreed that if Wife was successful on her claim against Husband for adultery, she would receive permanent periodic alimony of $800 per month, commencing October 1, 2000.  Husband and Wife, along with Husbands guardian, considered the agreement to be fair.