THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Benjamin Brown, III, Respondent,
 
 
 

v.

 
 
 
 Carl Brown, Dorothy Brown Pinckney, Sarah Brown Seabrooks, Ernestine Brown Robinson, Flossie Brown Mack, Heirs at Law and Distributees of Benjamin Brown, John Doe and Mary Roe, adults and Richard Roe and Jane Doe, infants, persons under disability or incompetence, if any including those persons who might be in the military and covered by the Soldiers and Sailors Civil Relief Act, being fictitious names designating any unknown heirs, devisees, distributees, issue, executors, administrators, successors, or assigns of the following deceased persons:  Rachael Brown, Lottie Brown Shaffer, Sarah Brown, Benjamin Brown, Benjamin Brown, Jr., Mary Ann Brown, Lawrence Stanley, and all other persons known or claiming any right, title, estate in or lien upon the real estate described in the Complaint herein, Defendants,
 
 
 

and

 
 
 
 Carl Brown and Dorothy Brown Pinckney, Third Party Plaintiffs,
 
 
 

v.

 
 
 
 James Mack, Jr. and Salem Baptist Church of Wadmalaw Island, an unincorporated association, Third Party Defendants,
 Of Whom Carl Brown is the Appellant.
 
 
 

Appeal From Charleston County
 Mikell R. Scarborough, Master-In-Equity

Unpublished Opinion No. 2007-UP-495
 Submitted October 1, 2007  Filed October
 16, 2007

APPEAL DISMISSED WITHOUT PREJUDICE

 
 
 
 Edward M. Brown, of Charleston, for
 Appellant.
 Karen Marie DeJong, of Mt. Pleasant, for
 Respondent.
 
 
 

PER CURIAM:  Carl
 Brown appeals the master-in-equitys order denying his motion to enforce a
 mediation agreement and ruling that the case should be set for trial.  We dismiss
 the appeal without prejudice.
FACTS
Benjamin Brown, III, instituted a quiet
 title action against Carl Brown, Dorothy Brown, and all other named defendants. 
 The parties, pursuant to agreement and with the encouragement of the master,
 entered into mediation.  At mediation, the parties agreed on a division of
 property and entered into a written mediation agreement (the Agreement).  At
 the settlement hearing, the Agreement was read into the record before the
 master and later incorporated into the masters order (the November 2005 Order).
  In addition to the property division, the Agreement provided Carl and Benjamin
 would share equally the costs of a land survey, which was to be submitted to the
 Charleston County Planning Board (the Planning Board) for approval.  The master
 also indicated the Agreement was subject to the Planning Boards approval of
 the plat and, once approved, the plat together with the lot descriptions were
 to be presented to the master for the final issuance of master deeds.
Palmetto Land Surveying, Inc. was hired to survey the property. 
 The surveyor submitted an itemized statement of costs to both parties.[1]  In January 2006, the surveyor sent
 another bill indicating the balance due on the survey was required before the
 surveyor would submit the plat to the Planning Board for review.  Benjamin refused
 to pay his half, indicating he was no longer in agreement with the Agreement. 
 Specifically, Benjamin claimed he entered into the Agreement based on the
 representation made by Carl that the 1.6 acres Carl would receive under the
 Agreement were wetlands.  The survey revealed the 1.6 acres were not wetlands,
 but in fact, dry land, and thereby more valuable to Carl than anticipated by
 the parties to the Agreement.
In May
 2006, Carl filed a motion to enforce the Agreement.  After hearing the motion,
 the master concluded that a determination of where the wetlands were situated
 on the property was a condition precedent to the validity of the Agreement and held
 the parties lacked that knowledge when they entered into the Agreement. 
 Further, the master stated he understood the intent of the parties in entering
 the Agreement but believed the parties never got to that agreement.  Thus,
 the master denied the motion and ordered the parties to reach an agreement regarding
 the plat to be submitted to the Planning Board (the May 2006 Order) within
 thirty days, or Im going to rule that there was no agreement, and the case
 will come back and be tried.  It is from the May 2006 Order that this appeal
 followed.
LAW/ANALYSIS

Benjamin claims the orders
 from which Carl appeals are interlocutory, and therefore, are not appealable. 
 We agree.
As a general rule,
 only final judgments are appealable.  Culberston v. Clemens, 322 S.C.
 20, 23, 471 S.E.2d 163, 164 (1996).  Any judgment or decree leaving some
 further act to be done by the court before the rights of the parties are
 determined is interlocutory and not final.  Mid-State Distribs., Inc. v. Century
 Importers, Inc., 310 S.C. 330, 336, 426 S.E.2d 777, 780 (1993).
Benjamin argues a trial
 courts order refusing to enforce a settlement agreement is not immediately
 appealable, citing Peterkin v. Brigman, 319 S.C. 367, 461 S.E.2d 809
 (1995).  Peterkin was a wrongful death and survival action in which the
 parties reached a settlement agreement before trial.  When the parties
 submitted the settlement agreement to the trial court, it declined to approve
 the agreement finding there was no meeting of the minds.  Id.  On
 appeal of the order refusing to enforce the settlement agreement, the Supreme
 Court found the order was not immediately appealable.  Id.  The court
 found the refusal to approve the settlement agreement did not determine
 anything about any cause of action or defense, nor did it prevent a judgment
 from being rendered in the action.  Id.  
The
 end result of the trial judges action in the instant case was to refuse to
 enforce the parties settlement agreement.  Thus, under Peterkin, we
 find the failure to enforce the agreement is not immediately appealable.
 Inasmuch as we have decided this appeal is interlocutory, we need not reach the
 other issues raised by Appellant.
APPEAL
 DISMISSED WITHOUT PREJUDICE.
ANDERSON and THOMAS, JJ., and CURETON, A.J., concur.

[1] Benjamin
 and Carl were each required to make an initial deposit of $1,250.