THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Ex parte:
 Pamela Wells
 and Adrian Wells, Appellants,
 In
 re:
 South Carolina Department of Social Services, Plaintiff,
 v.
 
 Mother and Father,  Defendants, 
 Of
 which
 South Carolina
 Department of Social Services is Respondent.
 
 
 
 

Appeal from Aiken County
Dale Moore Gable, Family Court Judge

Memorandum Opinion No. 2012-MO-002
 Heard January 10, 2012  Filed March 7,
2012   

AFFIRMED

 
 
 
 Bradford
 M. Owensby and Marsha M. Banks, both of Aiken; and Robert Rutland Thuss, of
 Swansea, for Appellants.
 Amanda
 Frances Whittle, of Aiken, and Attorney General Alan Wilson, of Columbia, for
 Respondent.
 Amy
 Patterson Shumpert, of Aiken, for Guardian Ad Litem.
 
 
 

PER CURIAM:  The
 South Carolina Department of Social Services (DSS) obtained custody of three
 children (Grandchildren) following their mother's (Mother) arrest.  The
 Grandchildren lived with Mother while their father had left the state.  DSS
 initiated this abuse and neglect action against Mother.  Appellants are the
 Grandchildren's paternal grandmother (Grandmother) and step-grandfather who
 have appealed an order denying their request to intervene in the abuse and
 neglect action.[1] 
 We affirm.
FACTS
In 1994, Grandmother had four
 children removed from her custody, one of whom is the father of the three
 Grandchildren.  In that matter, the family court found reason to believe that
 Grandmother had physically neglected her only daughter, and ordered that
 finding be entered in the statewide Central Registry of Child Abuse and Neglect
 (CR).  The three boys were returned to Grandmother's custody, while the
 daughter remained in DSS custody.  
After Mother's arrest, the
 Grandchildren were placed in foster care.  Appellants request for custody of
 the Grandchildren was denied by DSS, apparently relying on S.C. Code Ann. §
 63-7-650 (2010) as well as DSS Policy 928.02.[2] 
 Section 63-7-650 requires DSS investigate a relative seeking temporary
 placement of a child who has been taken into emergency protective custody.  The
 statute states that if the review of records, including the CR, "reveals
 information indicating there is a significant risk that the child would be
 threatened with abuse or neglect in the home of the relative," then DSS
 "must not agree to or acquiesce in [that] placement."  Id.  
At the hearing on appellants'
 Motion to Intervene, DSS indicated that if a person is found to be on the CR,
 then DSS absolutely will not place the child with that individual.  The DSS
 attorney went on to say that, while DSS took the position that if a person is
 listed on the CR then DSS is prevented from acquiescing, perhaps the family
 court could nonetheless order placement with that individual.  DSS also
 indicated that the presence in the appellants' home of the Grandchildren's
 father, who returned to South Carolina after Mother's arrest, would cause it
 not to place the Grandchildren there since father was  facing charges of
 criminal domestic violence, second offense.    
After DSS denied appellants'
 custody request, they filed this motion to intervene in the DSS child abuse and
 neglect action against Mother.  DSS opposed appellants' request to intervene
 because the matter was in a confidential posture, and it would be inappropriate
 for appellants to have access to the confidential materials that were part of
 the case.  See S.C. Code Ann. §§ 63-7-930; -940 (2010) (confidentiality
 of abuse/neglect information).  Mother also opposed permitting appellants to
 intervene.  
The family court denied
 appellants' request to intervene and this appeal follows.
ISSUE

 Did the
 family court commit reversible error in denying appellants' motion to
 intervene?

ANALYSIS
The family court denied
 appellants' request to intervene in Mother's abuse and neglect action for five
 reasons:

 1)  S.C. Code Ann. §§ 63-7-1700 et seq. (2010), upon
 which appellants relied, concerns permanency planning and does not create a
 right to intervene in this abuse and neglect action;
 2)  DSS
 has a statutory obligation to review the CR;
 3)  Appellants do not have an interest compelling
 intervention;
 4)  Appellants seek to intervene in this confidential
 DSS matter in order to gain an advantage in a contemplated custody action
 against Mother; and
 5)  Appellants should bring a separate private action
 to obtain custody.  

On appeal, appellants do not
 challenge all five grounds upon which the family court rested its decision. 
 Accordingly, those unchallenged rulings, whether correct or not, are the law of
 the case.  E.g., SCDSS v. M.R.C.L., 393 S.C. 387, 712 S.E.2d 452
 (2011).  Moreover, appellants have raised a number of issues for the first time
 on appeal.  Issues must be raised and ruled on by the trial court in order to
 be preserved for appellate review.  E.g., In re McCracken, 346
 S.C. 87, 551 S.E.2d 235 (2001).  We decline to address any issue which is not
 preserved.
It appears that the heart of
 appellants' argument is that Grandmother should not be on the CR, and
 tangentially the correctness of DSS's apparent policy of automatically refusing
 to place a child in the custody of a person whose name is on that registry. 
 The only issue we can decide today, however, is whether appellants have
 demonstrated an abuse of discretion in the family court's denial of their
 motion to intervene in Mother's abuse and neglect action.  E.g., Sauner
 v. Pub. Serv. Auth. of S.C., 354 S.C. 397, 581 S.E.2d 161 (2003). 
 Appellants have not met their burden of demonstrating reversible error here,
 and we therefore affirm.  This affirmance is without prejudice to appellants'
 rights, in a different proceeding, to challenge Grandmother's continuing
 placement on the CR and/or DSS's policy of automatically denying such persons
 custody.
CONCLUSION
The appealed order is
AFFIRMED.
TOAL, C.J., PLEICONES, BEATTY,
 KITTREDGE and HEARN, JJ., concur.

[1] DSS erroneously argues that the denial of appellants' motion to intervene is
 not directly appealable.  Ex parte Johnson, 63 S.C. 205, 41 S.E. 308
 (1902).   
[2] This policy is not in the record.