**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ex Parte: Mickey Ray Carter, Jr. and Nila Collean Carter, Appellants,

In Re:

John Roe and Mary Roe, Respondents,

v.

L.C. and X.C., minors under the age of seven years, Defendants.

Appellate Case No. 2015-001006

———————————

Appeal From Charleston County
Edgar H. Long, Jr., Family Court Judge

———————————

Unpublished Opinion No. 2017-UP-043
Submitted November 11, 2016 – Filed January 13, 2017

———————————

**AFFIRMED**

———————————

Mickey Ray Carter, Jr. and Nila Collean Carter, of Charleston, pro se.

Emily McDaniel Barrett and Thomas P. Lowndes, Jr.,
both of Lowndes & Barrett, LLC, of Charleston, for
Respondents.

---

**PER CURIAM:**  Nila Collean Carter and Mickey Ray Carter, Jr. appeal the family court's order denying their Rule 60(b), SCRCP motion to set aside an adoption decree.  On appeal, the Carters argue the family court erred in (1) denying their Rule 60(b) motion without a hearing, (2) denying their Rule 60(b) motion based on timing alone, and (3) denying their motion to unseal records and allow them to intervene in the adoption action.  We affirm.

We find the family court did not err in denying the Carters' motion to set aside the adoption decree without a hearing.  Pursuant to the South Carolina Adoptions Act (the Act), "[t]he entry of the final decree of adoption renders any consent or relinquishment irrevocable."  S.C. Code Ann. § 63-9-350 (2010).  Further, non-parties to an adoption cannot attack a final adoption decree based on procedural or other defects.  *See* S.C. Code Ann. § 63-9-770(A) (2010) ("No adoption may be attacked either directly or collaterally because of any procedural or other defect by anyone who was not a party to the adoption.").  However, the Act recognizes "a court's inherent authority to grant collateral relief from a judgment on the ground of extrinsic fraud."  S.C. Code Ann. § 63-7-770(B) (2010).  Thus, although final adoption decrees are generally not subject to attack, "a final decree of adoption may be collaterally attacked on the ground of extrinsic fraud."  *Hagy v. Pruitt*, 339 S.C. 425, 430, 529 S.E.2d 714, 717 (2000).

Under the Act, the Carters—as non-parties to the adoption action—could only attack the final adoption decree by showing extrinsic fraud.  We find the Carters' Rule 60(b) motion did not sufficiently allege extrinsic fraud.  The Act defines extrinsic fraud as "fraud that induces a person not to present a case or deprives a person of the opportunity to be heard."  § 63-9-770(B).  In their motion, the Carters alleged (1) they did not freely and voluntarily sign the consent forms, and the consent forms were obtained through coercion and duress; (2) the Roes' attorney fraudulently represented the Carters, breached her fiduciary duty to them, and misled them; (3) the Carters did not receive copies of the consents when they signed them, in contradiction of adoption statutes; (4) the Roes' attorney did not comply with section 63-9-520(A)(1)(c)(i),(ii) of the South Carolina Code (2010); (5) Charleston County was not the proper venue; (6) the Carters were not provided proper notice of the final adoption hearing, as required by section 63-9-730(F) of

the South Carolina Code (2010); and (7) the Roes' attorney committed extrinsic fraud by not allowing the Carters to be heard on their motions to contest consent. Many of these contentions are allegations of procedural defects, which the Act prohibits the Carters from raising after the adoption is final. *See* § 63-9-770(A) ("No adoption may be attacked either directly or collaterally because of any procedural or other defect by anyone who was not a party to the adoption."). To the extent the Carters alleged their consent was involuntary, they were prohibited from challenging their consent once the adoption was final. *See* § 63-9-350 ("The entry of the final decree of adoption renders any consent or relinquishment irrevocable."). Because the Rule 60(b) motion did not sufficiently allege facts to support extrinsic fraud, the family court did not err in denying it.

We find any issue related to whether the family court erred in denying the Carters' motion to intervene is not properly before this court. The Carters moved to intervene in the adoption action and the family court issued an August 7, 2014 order denying that motion. At that time, the Carters could have appealed the order denying intervention. *See Rutledge v. Tunno*, 63 S.C. 205, 207-08, 41 S.E. 308, 309 (1902) (providing an order denying a motion to intervene is immediately appealable). The Carters did not appeal that order when it was issued or when they filed their May 5, 2015 notice of appeal. Thus, any issue related to whether the family court erred in denying the motion to intervene is not properly before this court.[1]

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] The family court did not rule on the Carters' motion to unseal records prior to the time the Carters filed the notice of appeal; thus, any argument pertaining to that motion is not properly before this court.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.