HEARD APRIL TERM, 1872.

## CURETON *vs.* HUTCHINSON.

An order sustaining a demurrer to the complaint, with leave to amend on payment of costs, is not appealable under the Code of Procedure. Such an order can only be reviewed, on appeal, after final judgment.

BEFORE THOMAS, J., AT LANCASTER, OCTOBER TERM, 1871.

Action against three defendants. Hutchinson, one of the defendants, demurred to the complaint on the ground, *inter alia*, that the assignee in bankruptcy of Cureton, one of the defendants, who was alleged in the complaint to be an adjudicated bankrupt, should have been made a party plaintiff.

The presiding Judge sustained the demurrer on this ground, and made the order which is recited in the opinion of this Court.

Cureton, the plaintiff, appealed.

*Moore*, for appellant.

*Brawley*, contra, contended that the order was not appealable under the Code of Procedure.

Nov. 20, 1872. The opinion of the Court was delivered by

WILLARD, A. J. This appeal is from the following order : "It is ordered that the demurrer be sustained, and that the plaintiff have leave to amend his complaint upon payment of ten dollars costs." This order is not a final judgment, in the sense of Sec. 11 of the Code of Procedure, nor is it such an order as is intended within the meaning of subdivision 2 of that Section, which is as follows : " An order affecting a substantial right, made in an action where such order, in effect, determines the action, and prevents a judgment from which an appeal might be taken, or discontinues the action, or where such order grants or refuses a new trial." These two subdivisions, taken together, cover all the cases where an appeal may be taken to this Court from the direct proceedings in an action. Where matters, either of an independent nature or collateral to an action, arise upon a special proceeding, and where matters arise upon a summary proceeding in an action, after judgment, the remedy by appeal is provided by subdivision 3 of the same Section. In the case of an action commenced in the Circuit Court, in order to constitute a case for appeal into this Court, there must be, except as to matters arising after judgment, either :

1st. A final judgment in that Court ; (See *Sullivan* vs. *Thomas*, ante p. 531 ;)

2nd. An order affecting a substantial right, in effect determining the action, and preventing a judgment from which an appeal might be taken ; (See *McMillan* vs. *McCall*, 2 S. C., 390 ;)

3d. An order discontinuing the action ; or,

4th. An order granting or refusing a new trial ; (See *Byrd* vs. *Small*, 2 S. C., 388.)

The effect of the order appealed from was to give the plaintiff an opportunity to amend his complaint. If it was not in his power to make an amendment that would obviate the objection ruled against him, or if he elected to rest his whole case on the sufficiency of his complaint, then the proper course of practice was, after sufficient time allowed for amendment had elapsed, for final judgment to have been entered, and from that judgment the plaintiff could have appealed. On appeal from such a judgment the Court could have reviewed the order sustaining the demurrer, it being, in the language of Section 11, an "intermediate order involving the mer-

its, and necessarily affecting the judgment." From all that appears before us, the right to amend is still in force, and may be exercised in the Circuit Court, after judgment rendered in this Court. In such an event, it might prove, in the end, that the question submitted to us, at this time, was of no material value to the controversy. The right of an amendment must be cut off by a judgment before the case is ripe for this Court.

The order is not appealable, for the reasons stated, and the appeal should be dimissed.

*Moses*, C. J., and *Wright*, A. J., concurred.