801 S.E.2d 757

**Toni Lynn TILLMAN, Respondent,**

**v.**

**Timothy Troy TILLMAN and Crystal Tillman, Defendants,**

**Of whom Timothy Troy Tillman is the Appellant.**

**Appellate Case No. 2015-001291**
**Opinion No. 5493**

Court of Appeals of South Carolina.

Submitted May 1, 2017
Filed June 14, 2017

William B. Jung, of William B. Jung, Esq., LLC, of Mount Pleasant, for Appellant.

Kenneth Eldon Peck, of The Peck Law Firm, LLC, of Mount Pleasant, for Respondent.

HILL, J.:

Toni Lynn Tillman brought this ejectment action against her brother, Timothy Troy Tillman (Appellant), and his wife, for failing to pay rent since 2011. Appellant counterclaimed, alleging numerous causes of action.

The trial court granted Respondent's motion to dismiss several of Appellant's counterclaims. Appellant, who had orally moved to amend his pleadings at the motion to dismiss hearing, asked the court to reconsider. The trial court denied the motion to reconsider, but in its order wrote:

The Court takes this opportunity to clarify its order dismissing the defendants' counterclaims. The oral motion to amend counterclaims was denied but the defendants may make a formal motion to amend their counterclaims.

This appeal followed, with Appellant contending the trial court erred in dismissing his counterclaims and in "denying" his motion for leave to amend.

Around ten days after filing this appeal, Appellant filed a motion to amend in the trial court, averring the trial court order had given him "leave to file" an amended pleading.

The threshold question is whether the order is immediately appealable. The granting of a Rule 12(b)(6) motion to dismiss is immediately appealable. *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 500 (Ct. App. 2001). But the issue of whether an order that grants a 12(b)(6) motion yet simultaneously grants leave to amend the pleadings is immediately appealable does not seem to have arisen since adoption of the South Carolina Appellate Court Rules (SCACR) and South Carolina Rules of Civil Procedure (SCRCP).

Generally only final judgments are appealable. *Doe v. Howe*, 362 S.C. 212, 216, 607 S.E.2d 354, 356 (Ct. App. 2004)

(" 'Final judgment' is a term of art referring to the disposition of all the issues in the case."). A final judgment is one that ends the action and leaves the court with nothing to do but enforce the judgment by execution. *Good v. Hartford Acc. & Indem. Co.*, 201 S.C. 32, 41–42, 21 S.E.2d 209, 212 (1942). An order reserving an issue, or leaving open the possibility of further action by the trial court before the rights of the parties are resolved, is interlocutory. *Ex parte Wilson*, 367 S.C. 7, 12, 625 S.E.2d 205, 208 (2005).

Some exceptions to the final judgment rule are set forth in section 14-3-330 of the South Carolina Code (2017), which provides for the appealability of certain interlocutory orders. Subsection (1) allows for the immediate appeal of orders "involving the merits." An order involves the merits when it "finally determine[s] some substantial matter forming the whole or a part of some cause of action or defense...." *Mid-State Distribs., Inc. v. Century Importers, Inc.*, 310 S.C. 330, 334, 426 S.E.2d 777, 780 (1993) (citation omitted). The fate of Appellant's counterclaims has not been finally determined as long as his motion to amend hangs in the balance.

We next consider section 14-3-330(2), specifically whether the trial court's order affects Appellant's "substantial right" and "strikes out" a pleading. Our courts have held that orders denying a motion to amend an answer, *Baldwin Const. Co. v. Graham*, 357 S.C. 227, 229–30, 593 S.E.2d 146, 147 (2004), denying a motion to file a late answer, *Jefferson by Johnson v. Gene's Used Cars, Inc.*, 295 S.C. 317, 317–18, 368 S.E.2d 456, 456 (1988), and denying a motion to amend to file a third party complaint, *Tatnall v. Gardner*, 350 S.C. 135, 138, 564 S.E.2d 377, 379 (Ct. App. 2002), are not immediately appealable, primarily because they may be appealed after the case has ended and final judgment entered. However, our supreme court has used the same section to find the granting of a motion to dismiss may be immediately appealed because it "strikes" a pleading. *Lebovitz v. Mudd*, 289 S.C. 476, 479, 347 S.E.2d 94, 96 (1986). We are presented with a hybrid: an order that "strikes" a counterclaim, but welcomes a formal motion to amend.

*Cureton v. Hutchinson*, 3 S.C. 606 (1872) found a similar order was not immediately appealable. The advent of modern

rules of civil and appellate procedure and intervening changes to section 14-3-330 have not dulled the reasoning of *Cureton*, which dismissed as interlocutory an order sustaining a demurrer but granting plaintiff leave to amend:

The effect of the order appealed from was to give the plaintiff an opportunity to amend his complaint. If it was not in his power to make an amendment that would obviate the objection ruled against him, or if he elected to rest his whole case on the sufficiency of his complaint, then the proper course of practice was, after sufficient time allowed for amendment had elapsed, for final judgment to have been entered, and from that judgment the plaintiff could have appealed. ... From all that appears before us, the right to amend is still in force, and may be exercised in the Circuit Court, after judgment rendered in this Court. In such an event, it might prove, in the end, that the question submitted to us, at this time, was of no material value to the controversy. The right of an amendment must be cut off by a judgment before the case is ripe for this Court.

*Id.* at 607–08. If anything has changed since *Cureton*, it is the ease with which pleadings may now be amended; after all, the rules require that leave be "freely given." Rule 15(a), SCRCP. In the unlikely event the motion to amend is denied, then Appellant retains the right, after the lawsuit ends, to appeal the denial along with the dismissal of his counterclaims. S.C. Code Ann. § 14-3-330(1) (allowing party to defer appeal of an interlocutory order "necessarily affecting the judgment" until final judgment); *Link v. Sch. Dist. of Pickens Cty.*, 302 S.C. 1, 6, 393 S.E.2d 176, 179 (1990).

Many federal circuits have held that orders dismissing a party's pleadings pursuant to Rule 12, but with leave to amend, are not appealable final judgments within the meaning of 28 U.S.C. § 1291. *See e.g., Sapp v. City of Brooklyn Park*, 825 F.3d 931, 934 (8th Cir. 2016) (collecting cases); *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015); *see also Jung v. K. & D. Mining Co.*, 356 U.S. 335, 336–37, 78 S.Ct. 764, 2 L.Ed.2d 806 (1958).

To avoid circuitous litigation and needless appeals, we construe section 14-3-330 narrowly, eyeing the nature and effect of the order, not merely its label. *Morrow v. Funda-*

*mental Long-Term Care Holdings, LLC*, 412 S.C. 534, 538, 773 S.E.2d 144, 146 (2015); *Thornton v. S.C. Elec. & Gas Corp.*, 391 S.C. 297, 302–04, 705 S.E.2d 475, 478–79 (Ct. App. 2011). If we were to hold otherwise and interpret the order as denying amendment, we would be left with the clumsy result of allowing appeal of the motion to dismiss to proceed, but dismissing the appeal of the denial of the motion to amend. While we can review an interlocutory order joined with an appealable issue, *Ferguson v. Charleston Lincoln Mercury, Inc.*, 349 S.C. 558, 565, 564 S.E.2d 94, 98 (2002), to do so here would work a false efficiency, given the lawsuit from which the appeal was spun off remains to be heard in circuit court, along with Appellant's formal motion to amend.[1]

Appellant's rights have yet to be finally determined by the circuit court. Appellant has not reached the end of the road, however long and winding he may have made it. The order is not immediately appealable. Consequently, the appeal is

DISMISSED.[2]

GEATHERS and MCDONALD, JJ., concur.

---

1. We are not persuaded by Appellant's statement in his brief that the appeal was necessary because the motion to amend could not be heard in circuit court before trial. There may be a strategy motivating the appeal other than tactical delay, but we cannot think of a rational one.

2. We decide this case without oral argument pursuant to Rule 215, SCACR.