**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Richard A. Finan, Appellant,

v.

Vista Wings, LLC, d/b/a Wild Wing Café - Columbia,
Respondent.

Appellate Case No. 2018-002054

———————

Appeal From Richland County
Paul M. Burch, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-027
Submitted December 1, 2021 – Filed January 19, 2022

———————

**APPEAL DISMISSED**

———————

Shaun C. Blake and Jenkins McMillan Mann, both of
Rogers Lewis Jackson Mann & Quinn, LLC, of
Columbia, for Appellant.

Mark Steven Barrow and Ryan C. Holt, both of Sweeny
Wingate & Barrow, PA, of Columbia, for Respondent.

———————

**PER CURIAM:**  Richard Finan appeals the circuit court's denial of his motion to
amend his complaint under Rule 15, SCRCP.  We dismiss the appeal because the
order is not immediately appealable.

"By its nature, the question of whether an order is immediately appealable is determined on a case-by-case basis." *Morrow v. Fundamental Long–Term Care Holdings, LLC*, 412 S.C. 534, 538, 773 S.E.2d 144, 146 (2015). "An appeal ordinarily may be pursued only after a party has obtained a final judgment." *Hagood v. Sommerville*, 362 S.C. 191, 194, 607 S.E.2d 707, 708 (2005). "A final judgment is one that ends the action and leaves the court with nothing to do but enforce the judgment by execution." *Tillman v. Tillman*, 420 S.C. 246, 249, 801 S.E.2d 757, 759 (Ct. App. 2017). "An order reserving an issue, or leaving open the possibility of further action by the trial court before the rights of the parties are resolved, is interlocutory." *Id.* "The determination of whether a trial court's order is immediately appealable is governed by statute." *Morrow*, 412 S.C. at 537, 773 S.E.2d at 145. "An interlocutory order not governed by a specialized appealability statute is not immediately appealable unless it fits into one of the categories listed in section 14-3-330. . . ." *Thornton v. S. C. Elec. & Gas Corp.*, 391 S.C. 297, 300, 705 S.E.2d 475, 477 (Ct. App. 2011).

Section 14-3-330 of the South Carolina Code (2017) addresses appellate jurisdiction and provides in part:

> The Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal:
>
> (1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; provided, that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from;
>
> (2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action; . . . .

Intermediate orders involving the merits may be immediately appealed pursuant to subsection 14-3-330(1).  An order involving the merits is one that "must finally determine some substantial matter forming the whole or a part of some cause of action or defense." *Mid–State Distribs., Inc. v. Century Imps., Inc.*, 310 S.C. 330, 334, 426 S.E.2d 777, 780 (1993) (quoting *Knowles v. Standard Sav. & Loan Ass'n*, 274 S.C. 58, 59, 261 S.E.2d 49, 49 (1979)).  Interlocutory orders affecting a substantial right may be immediately appealed pursuant to subsection 14-3-330(2).  Orders affecting a substantial right "discontinue an action, prevent an appeal, grant or refuse a new trial, or strike out an action or defense." *MidState Distribs., Inc.*, 310 S.C. at 334 n.4, 426 S.E.2d at 780 n.4.

In *Tillman*, the circuit court dismissed several of the defendant's counterclaims and denied the defendant's oral motion to amend the counterclaims but gave the defendant leave to file a formal motion to amend.  *Tillman* at 248, 801 S.E.2d at 758–59.  The defendant's formal motion to amend was pending before the circuit court during the appeal.  *Id.* at 251, 801 S.E.2d at 760.  This court stated that if "the motion to amend is denied, then Appellant retains the right, *after the lawsuit ends*, to appeal the denial . . . ."  *Id.* at 250, 801 S.E.2d at 760 (emphasis added).

In *Tatnall v. Gardner*, 350 S.C. 135, 138, 564 S.E.2d 377, 379 (Ct. App. 2002), this court determined that it lacked jurisdiction to hear an appeal of an order denying a defendant's motion to amend her answer to assert third party claims against a co-defendant because the order neither determined a substantial matter nor prevented a judgment from being rendered from which the defendant could then seek review.

Here, as in *Tillman* and *Tatnall*, Finan may appeal the trial court's order denying his motion to amend at the conclusion of the present action.  The order has not determined a substantial matter forming the whole or a part of some cause of action or defense, and it has not discontinued an action, prevented an appeal, granted or refused a new trial, or struck out an action or defense as contemplated by section 14-3-330.  Therefore, we dismiss the appeal.

**APPEAL DISMISSED.**[1]

**WILLIAMS, A.C.J., and MCDONALD, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.