**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Latarsha Docena-Guerrero, Appellant,

v.

Rafael Docena-Guerrero, Defendant

and

Government Employees Insurance Company, as underinsured motorist insurance carrier, Respondent.

Appellate Case No. 2020-000915

―――――――――

Appeal From Berkeley County
Roger M. Young, Sr., Circuit Court Judge

―――――――――

Unpublished Opinion No. 2022-UP-270
Submitted June 17, 2022 – Filed June 22, 2022

―――――――――

**APPEAL DISMISSED**

―――――――――

Steven Eric Goldberg and Frederick Elliotte Quinn, IV, both of The Steinberg Law Firm, LLP, of Summerville, for Appellant.

Thomas H. Milligan, of Milligan & Herns PC, of Mt. Pleasant, for Respondent Government Employees Insurance Company.

Jonathan Scott Altman, of Derfner & Altman, LLC, of Charleston, for Respondent Rafael Docena-Guerrero.

---

**PER CURIAM:**  Latarsha Docena-Guerrero appeals a circuit court order, arguing the circuit court erred by permitting her underinsured motorist (UIM) insurer—Government Employees Insurance Company—to appear and defend after the thirty-day period for doing so, provided under section 38-77-160 of the South Carolina Code (2015), had lapsed.

Because this issue is not immediately appealable, we dismiss this appeal without prejudice pursuant to Rule 220(b), SCACR, and the following authorities: *Tillman v. Tillman*, 420 S.C. 246, 248, 801 S.E.2d 757, 759 (Ct. App. 2017) ("Generally only final judgments are [immediately] appealable."); *id.* at 249, 801 S.E.2d at 759 ("Some exceptions to the final judgment rule are set forth in section 14-3-330 of the South Carolina Code (2017), which provides for the appealability of certain interlocutory orders."); *Brown v. County of Berkeley*, 366 S.C. 354, 361, 622 S.E.2d 533, 537 (2005) ("To affect a substantial right, the order must 'determine the action and prevent a judgment from which an appeal might be taken or discontinue the action.'" (quoting *Woodard v. Westvaco Corp.*, 319 S.C. 240, 243, 460 S.E.2d 392, 394 (1995))); *Jefferson by Johnson v. Gene's Used Cars, Inc.*, 295 S.C. 317, 317, 368 S.E.2d 456, 456 (1988) ("[T]he grant or denial of a Rule 55(c) motion is not directly appealable under [section 14-3-330]."); *Wetzel v. Woodside Dev. Ltd. P'ship*, 364 S.C. 589, 592, 615 S.E.2d 437, 438 (2005) ("Normally, an order granting a motion to set aside an entry of default is not immediately appealable."); *Ateyeh v. United of Omaha Life Ins. Co.*, 293 S.C. 436, 438, 361 S.E.2d 340, 341 (Ct. App. 1987) (stating an order that "has the effect of allowing a party to answer a complaint after the time to answer has expired" is not immediately appealable).

**APPEAL DISMISSED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.