**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lee Carlton Walker, Appellant,

v.

Sylvia Ashley McAdams, Respondent.

Appellate Case No. 2021-000542

Appeal From Charleston County
Michèle Patrão Forsythe, Family Court Judge

Unpublished Opinion No. 2022-UP-424
Submitted November 18, 2022 – Filed November 30, 2022

**APPEAL DISMISSED**

Gil Gatch, of Gil Gatch Law, of Summerville, for Appellant.

Joseph Clay Hopkins, of Charleston, for Respondent.

Ervin Lindsay Blanks, of E. Lindsay Blanks, PA, of North Charleston, for the Guardian ad Litem.

**PER CURIAM:** Lee Carlton Walker appeals temporary orders of the family court, arguing (1) the orders are immediately appealable, (2) the family court's order restricting him from publishing information related to the ongoing litigation

was overbroad and impermissibly infringed on his right to free speech, (3) the family court lacked a sufficient factual basis to order him to remove from the internet all materials relating to his minor child, (4) the family court exceeded its jurisdiction by ordering him remove from the internet all materials related to his minor child, (5) the family court lacked a sufficient factual basis to reallocate responsibility for the fees owed to his minor child's therapist, (6) the family court lacked a sufficient factual basis to require him to pay 75% of the fees owed to his minor child's mental health counselor, (7) the family court lacked a sufficient factual basis to reallocate responsibility for the fees owed to the attorney for his minor child's guardian ad litem, (8) the family court violated his right to due process by denying his motion for reinstatement of custody of his minor child without a hearing, (9) the family court erred by denying his petition for supersedeas of its February 22, 2021 order, and (10) the family court lacked a sufficient factual basis to deny his motion to reinstate his custody of his minor child.

Because the underlying orders on appeal are not immediately appealable, we dismiss the appeal pursuant to Rule 220(b), SCACR, and the following authorities: *Tillman v. Tillman*, 420 S.C. 246, 248, 801 S.E.2d 757, 759 (Ct. App. 2017) ("Generally only final judgments are [immediately] appealable."); *id.* at 249, 801 S.E.2d at 759 ("Some exceptions to the final judgment rule are set forth in section 14-3-330 of the South Carolina Code (2017), which provides for the appealability of certain interlocutory orders."); *Terry v. Terry*, 400 S.C. 453, 456, 734 S.E.2d 646, 648 (2012) ("A temporary order of the family court is without prejudice to the rights of the parties."); *id.* at 456-57, 734 S.E.2d at 648 ("[Temporary] orders are, by definition, temporary—they neither decide any issue with finality nor affect a substantial right . . . .").

**APPEAL DISMISSED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.