**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

U.S. Bank, NA, as trustee relating to the Chevy Chase Funding, LLC Mortgage Backed Certificates, Series 2004-B, Plaintiff,

v.

Alyce F. Otto, individually; Alyce F. Otto, Trustee Under Declaration of Trust of Alyce F. Otto dated November 17, 2009; TD Bank, NA; The United States of America, acting by and through its agency the Internal Revenue Service; Laura Kerhulas Giese, as Co-Trustee of the Theodore Ernest Kerhulas Trust Under Declaration of Trust dated May 25, 2004; Mark Warner Kerhulas, as Co-Trustee of the Theodore Ernest Kerhulas Trust Under Declaration of Trust dated May 25, 2004; Jackson L. Munsey, Jr.; Citibank, NA; Defendants.

AND

Alyce F. Otto, Trustee Under Declaration of Trust of Alyce F. Otto dated November 17, 2009, Plaintiff,

v.

Jackson L. Munsey, Jr., Defendant.

Of whom Jackson L. Munsey, Jr., is the Appellant,

and

Alyce F. Otto, individually; Alyce F. Otto, Trustee Under Declaration of Trust of Alyce F. Otto dated November

17, 2009; TD Bank, NA; Laura Kerhulas Giese, as
Co-Trustee of the Theodore Ernest Kerhulas Trust Under
Declaration of Trust dated May 25, 2004; and Mark
Warner Kerhulas, as Co-Trustee of the Theodore Ernest
Kerhulas Trust Under Declaration of Trust dated May 25,
2004, are the Respondents.

Appellate Case No. 2020-000454

---

Appeal From Spartanburg County
Gordon G. Cooper, Master-in-Equity

---

Unpublished Opinion No. 2023-UP-236
Heard April 5, 2023 – Filed June 14, 2023

---

**AFFIRMED IN PART AND REVERSED IN PART**

---

Andrew Sims Radeker, of Harrison, Radeker & Smith,
P.A., of Columbia, for Appellant.

Max Thomas Hyde, Jr. and Samantha Nicholson Larkins,
both of Hyde Law Firm, P.A., of Spartanburg; and Sarah
P. Spruill, of Haynsworth Sinkler Boyd, PA, of
Greenville, all for Respondent Alyce F. Otto.

David L. Walsh, of Gaines & Walsh, of Spartanburg, for
Respondents Laura Kerhulas Giese and Mark Warner
Kerhulas.

---

**PER CURIAM:** Jackson L. Munsey, Jr. appeals a default judgment in which the
master-in-equity awarded damages to Alyce F. Otto, individually and as trustee
under Declaration of Trust of Alyce F. Otto dated the 17th of November 2009,
(Otto) for Munsey's breach of an installment land contract (the Contract). On
appeal, Munsey argues the master erred (1) in awarding Otto damages in an
amount not supported by the record, (2) in denying Munsey his procedural rights

regarding cross-examination and objection to evidence, (3) in awarding Otto damages for the rental value of the property that was the subject of the Contract (the Property) during the pendency of a prior appeal, and (4) in awarding Otto judgment interest for a period before her judgment was rendered. We affirm in part and reverse in part.

1. We hold the prior appeal did not establish the law of the case for a damages award because the December 2015 and April 2016 Orders were not final judgments as to damages. *See Tillman v. Tillman*, 420 S.C. 246, 249, 801 S.E.2d 757, 759 (Ct. App. 2017) ("A final judgment is one that ends the action and leaves the court with nothing to do but enforce the judgment by execution."); *id.* ("An order reserving an issue, or leaving open the possibility of further action by the trial court before the rights of the parties are resolved, is interlocutory."); *Link v. Sch. Dist. of Pickens Cnty.*, 302 S.C. 1, 6, 393 S.E.2d 176, 179 (1990) ("Section 14-3-330(1) [of the South Carolina Code (2017)] allows a party to wait until final judgment to appeal intermediate orders 'necessarily affecting the judgment not before appealed from.'" (quoting § 14-3-330(1))); *id.* (holding the appellant was entitled to wait until final judgment to appeal a prior summary judgment ruling against him); § 14-3-330(1) ("[I]f no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from . . . ."). In the April 2016 Order, the master stated he would not determine the final judgment amount until he conducted a damages hearing after the foreclosure sale occurred; thus, the master clearly reserved the damages issue for a later determination. Although Munsey appealed the December 2015 and April 2016 Orders in the prior appeal, he did not challenge the damages award. Therefore, Munsey did not lose the opportunity to challenge the damages award in the current appeal.

2. We hold the master did not err in using damages set forth in Exhibit A from the December 2015 and April 2016 Orders and the evidence from the earlier damages hearing when calculating the damages in his final judgment. *See Weil v. Weil*, 299 S.C. 84, 91-92, 382 S.E.2d 471, 475 (Ct. App. 1989) ("[J]udgments are to be construed as other instruments, and the determinative factor in construing a judgment is the intent of the judge who wrote the order, as gathered not from an isolated part of the judgment, but from all the parts of the judgment itself."). Although the master explained in the April 2016 Order that he would determine the final judgment amount after the foreclosure sale, he specifically incorporated Exhibit A into the April 2016 Order and the December 2015 Order as the damages due at that time. Considering the April 2016 Order as a whole, we hold the master did not intend to disregard his previous calculation of damages; rather, he intended

to leave the issue open to allow him to adjust the Exhibit A damages amounts as needed after the appeal and the foreclosure sale.

3. We hold the master did not err in refusing to find the doctrine of mitigation of damages barred Otto from recovering damages for the note held by TD Bank. *See Sloan Constr. Co. v. Southco Grassing, Inc.*, 395 S.C. 164, 173, 717 S.E.2d 603, 608 (2011) ("The defendant has the burden of establishing the plaintiff's lack of due diligence in mitigating damages."); *Baril v. Aiken Reg'l Med. Ctrs.*, 352 S.C. 271, 285, 573 S.E.2d 830, 838 (Ct. App. 2002) ("A party injured by the acts of another is required to do those things a person of ordinary prudence would do under the circumstances, but the law does not require him to exert himself unreasonably or incur substantial expense to avoid damages."); *id.* ("Whether the party acted reasonably to mitigate damages is ordinarily a question for the [factfinder]."). The record includes no evidence TD Bank forgave the note it held or that it will not attempt to collect this debt from Otto. The doctrine of mitigation of damages does not require Otto to unreasonably exert herself or incur expense by litigating the statute of limitations defense to a collection action TD Bank might bring against her.

4. We hold the master did not err in his calculation of damages for the Greenspace assessments because even if the admission of the Greenspace Affidavit at the status hearing was an error, it was a trial error, not a structural error, and harmless. *See LaSalle Bank Nat'l Ass'n v. Davidson*, 386 S.C. 276, 280, 688 S.E.2d 121, 123 (2009) ("The law recognizes two kinds of errors: trial errors and structural defects."); *id.* ("The former are subject to 'harmless error' analysis while the latter are not."); *id.* ("[Trial errors] occur during the presentation of the case to the jury, and may therefore be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt." (alterations in original) (quoting *State v. Mouzon*, 326 S.C. 199, 204, 485 S.E.2d 918, 921 (1997))); *State v. Byrd*, 318 S.C. 247, 250, 456 S.E.2d 922, 924 (Ct. App. 1995) ("[W]here the error may be weighed against the other evidence properly admitted during a trial, the [appellate c]ourt must conduct such a weighing, rather than merely reversing the decision below wholesale."); *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005) ("To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., that there is a reasonable probability the [factfinder's] verdict was influenced by the challenged evidence or the lack thereof."); *Turner v. Med. Univ. of S.C.*, 430 S.C. 569, 592, 846 S.E.2d 1, 13 (Ct. App. 2020) ("When improperly admitted evidence is merely cumulative, no prejudice exists, and therefore, the admission is not reversible

error." (quoting *Campbell v. Jordan*, 382 S.C. 445, 453, 675 S.E.2d 801, 805 (Ct. App. 2009))); *Hanna v. Palmetto Homes, Inc.*, 300 S.C. 535, 537, 389 S.E.2d 164, 165 (Ct. App. 1990) ("[T]estimony received without objection becomes competent and its sufficiency is for the [factfinder.]"); *State v. Frank*, 262 S.C. 526, 534, 205 S.E.2d 827, 830 (1974) ("The general rule is that the failure to object to, or failure to move to strike, testimony renders such competent and accordingly entitled to be considered to the extent it is relevant."). At the November 24, 2015 hearing, Otto offered into evidence without objection Greenspace's invoices setting forth the unpaid quarterly assessments totaling $19,200 and a capital call of $20,000. In addition, Otto testified without objection at the October 29, 2019 hearing that the Greenspace assessment was $500 a month. Otto presented competent evidence to support the master's award of damages for the Greenspace assessments. Munsey was not prejudiced by the admission of the Greenspace Affidavit because the information concerning the Greenspace assessments was cumulative to this evidence.

5. We hold the master erred in awarding Otto damages for the rental value for the Property. *See Collins Holding Corp. v. Landrum*, 360 S.C. 346, 350, 601 S.E.2d 332, 333 (2004) ("In a breach of contract action, the 'measure of damages is the loss actually suffered by the contractee as the result of the breach.'" (quoting *S.C. Fin. Corp. of Anderson v. W. Side Fin. Co.*, 236 S.C. 109, 122, 113 S.E.2d 329, 335 (1960))); S.C. Code Ann. § 18-9-170 (2014) ("When the judgment directs the sale of land to satisfy a mortgage thereon or other lien, the undertaking shall provide that in case the judgment appealed from be affirmed and the land be finally sold for less than the judgment debt and costs then the appellant shall pay for any waste committed or suffered to be committed on the land and shall pay a reasonable rental value for the use and occupation of the land from the time of the execution of the undertaking to the time of the sale . . . ."). Munsey's occupation of the Property during the prior appeal did not deprive Otto of possession because she was not entitled to possession at that time. Otto did not seek to recover possession of the Property; instead, as the master noted in the December 2015 Order, Otto waived her right to foreclose the Contract and elected to seek a judgment against Munsey for the amounts due under the Contract. The December 2015 and April 2016 Orders did not "direct the sale or delivery of possession of real property" in favor of Otto and section 18-9-170 was not applicable to the appeal of these

Orders. Furthermore, Munsey never promised to pay Otto for the rental value of the Property during the prior appeal.[1]

6. We hold the master erred in granting Otto judgment interest from December 15, 2015, until January 14, 2020, because the master had not entered a final judgment. *See* S.C. Code Ann. § 34-31-20(B) (2020) ("A money decree or judgment of a court enrolled or entered must draw interest according to law."); *Babb v. Rothrock*, 310 S.C. 350, 354, 426 S.E.2d 789, 792 (1993) ("Post-judgment interest is in the nature of a penalty."); *id.* ("If, after appeal, a further determination by the trial court is necessary in order to fix the amount of an award, the award will not draw interest until the determination is made."); *Tillman*, 420 S.C. at 249, 801 S.E.2d at 759 ("A final judgment is one that ends the action and leaves the court with nothing to do but enforce the judgment by execution."); *id.* ("An order reserving an issue, or leaving open the possibility of further action by the trial court before the rights of the parties are resolved, is interlocutory."). As stated above, the master specified in the April 2016 Order that he would not determine the final judgment amount until he conducted a hearing following Munsey's appeal and the foreclosure sale. Thus, Otto was not entitled to judgment interest until the master entered the final judgment.

**AFFIRMED IN PART AND REVERSED IN PART.**

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[1] Munsey promised to pay U.S. Bank a reasonable rental value for the Property pursuant to section 18-9-170 during the pendency of his appeal of the order in U.S. Bank's foreclosure action, which had been consolidated with the present action.