**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Skydive Myrtle Beach, Inc., Appellant,

v.

Horry County and Horry County Department of Airports, Respondents.

Appellate Case No. 2021-000217

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-248
Submitted May 1, 2024 – Filed July 3, 2024

———————

**APPEAL DISMISSED**

———————

Robert Bratton Varnado, of Brown & Varnado, LLC, of Charleston, and Reese R. Boyd, III, of Davis & Boyd, LLC, of Myrtle Beach, both for Appellant.

Michael Warner Battle, of Battle Law Firm, LLC, of Conway, for Respondents.

———————

**PER CURIAM:** Skydive Myrtle Beach, Inc. (Skydive) appeals the circuit court's order denying its motion to amend its complaint following remand from the South

Carolina Supreme Court.  Because this order is not immediately appealable, we dismiss the appeal.

This case has a long procedural history, and the parties have brought and been involved in other state and federal court actions with each other.  The present action began on February 28, 2014, when Skydive filed a complaint in the circuit court against Horry County (the County), the Horry County Department of Airports (the Department), and certain individuals employed by the County (Employees).  Employees filed a motion to dismiss under Rule 12(b)(6), SCRCP, and following a hearing, the circuit court requested proposed orders from Skydive and Employees.  Skydive twice requested in writing to be allowed to amend its complaint if the court decided to grant the motion to dismiss.  The circuit court ultimately issued an order granting Employees' motion to dismiss with prejudice.  The allegations in the complaint against the County and the Department remained.

Skydive appealed to this court, which affirmed the circuit court's order.  *Skydive Myrtle Beach, Inc. v. Horry County* (*Skydive I*), Op. No. 2017-UP-118 (S.C. Ct. App. filed Mar. 8, 2017), *rev'd and remanded*, 426 S.C. 175, 826 S.E.2d 585 (2019).  Skydive filed a petition for writ of certiorari to the supreme court, which the supreme court granted.  Following arguments, the supreme court reversed this court's decision and remanded the matter "to the circuit court to allow Skydive an opportunity to file an amended complaint."  *Skydive Myrtle Beach, Inc. v. Horry County* (*Skydive II*), 426 S.C. 175, 179, 826 S.E.2d 585, 587 (2019).  The supreme court determined "[t]he circuit court erred by failing even to consider allowing Skydive to amend its complaint."  *Id.* at 180, 826 S.E.2d at 587.  The circuit court also erred "in effectively preventing Skydive from litigating a post-ruling motion to amend by immediately dismissing the claims 'with prejudice.'"  *Id.* at 182, 826 S.E.2d at 588.  The supreme court noted that at the time of dismissal, the circuit court had not seen any proposed amendment.  *Id.* at 183, 826 S.E.2d at 589.   The supreme court held "[t]he circuit court should have allowed Skydive an opportunity to amend its complaint pursuant to Rule 15(a)[, SCRCP]."  *Id.* at 192, 826 S.E.2d at 594.  The supreme court remanded the case to the circuit court.  *Id.*  The supreme court sent the remittitur for the case on March 29, 2019.

On March 12, 2020, Skydive moved to amend its 2014 complaint, and the motion attached a proposed amended complaint.  The proposed complaint alleged additional facts, added a new defendant,[1] and included Employees, who were previously dismissed in the 12(b)(6) motion.  On July 10, 2020, the circuit court,

---

[1] The new defendant was an attorney employed by the County, Arrigo Carotti.

without conducting a hearing, denied Skydive's motion to amend its complaint by a Form 4 order. Skydive moved for reconsideration, and the circuit court held a hearing on that motion. Thereafter, the circuit court denied Skydive's motion to reconsider by Form 4 order.[2]

"An appellate court may determine the question of appealability . . . as a matter of law." *Ashenfelder v. City of Georgetown*, 389 S.C. 568, 571, 698 S.E.2d 856, 858 (Ct. App. 2010). "The provisions of [s]ection 14-3-330 [of the South Carolina Code (2017)] . . . have been narrowly construed and immediate appeal of various orders issued before or during trial generally has not been allowed." *Hagood v. Sommerville*, 362 S.C. 191, 196, 607 S.E.2d 707, 709 (2005). "The provisions of section 14-3-330 are narrowly construed and serve the underlying policy favoring judicial economy by avoiding 'piecemeal appeals.'" *Stone v. Thompson*, 426 S.C. 291, 295, 826 S.E.2d 868, 870 (2019) (quoting *Hagood*, 362 S.C. at 196, 607 S.E.2d at 709 ("Piecemeal appeals should be avoided and most errors can be corrected by the remedy of a new trial.")). "[A] narrow construction of section 14-3-330(2)(c) requires us to focus on the effect of the order . . . ." *Thornton v. S.C. Elec. & Gas Corp.*, 391 S.C. 297, 303, 705 S.E.2d 475, 478 (Ct. App. 2011). "[T]he question of whether an order is immediately appealable is determined on a case-by-case basis." *Stone*, 426 S.C. at 295, 826 S.E.2d at 870.

"An appeal ordinarily may be pursued only after a party has obtained a final judgment." *Hagood*, 362 S.C. at 194, 607 S.E.2d at 708. "A final judgment is one that ends the action and leaves the court with nothing to do but enforce the judgment by execution." *Tillman v. Tillman*, 420 S.C. 246, 249, 801 S.E.2d 757, 759 (Ct. App. 2017). "An order reserving an issue, or leaving open the possibility of further action by the trial court before the rights of the parties are resolved, is interlocutory." *Id.* "The determination of whether a trial court's order is immediately appealable is governed by statute." *Morrow v. Fundamental Long-Term Care Holdings, LLC*, 412 S.C. 534, 537, 773 S.E.2d 144, 145 (2015). "An interlocutory order not governed by a specialized appealability statute is not immediately appealable unless it fits into one of the categories listed in section 14-3-330 . . . ." *Thornton*, 391 S.C. at 300, 705 S.E.2d at 477.

Section 14-3-330 sets out the matters that an appellate court has appellate jurisdiction to review matters including:

---

[2] Skydive filed a second motion for reconsideration. Before the circuit court heard the second motion to reconsider, Skydive filed the present appeal.

(1) Any intermediate judgment, order[,] or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; provided, that if no appeal be taken until final judgment is entered[,] the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from [and]

(2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial[,] or (c) strikes out an answer or any part thereof or any pleading in any action[]

. . . .

"Intermediate orders involving the merits may be immediately appealed pursuant to [section] 14-3-330(1)." *Ex parte Wilson*, 367 S.C. 7, 13, 625 S.E.2d 205, 208 (2005). An order involving the merits "must finally determine some substantial matter forming the whole or a part of some cause of action or defense." *Id.* (quoting *Mid-State Distribs., Inc. v. Century Imps., Inc.*, 310 S.C. 330, 334, 426 S.E.2d 777, 780 (1993)). "Interlocutory orders affecting a substantial right may be immediately appealed pursuant to [section] 14-3-330(2)." *Id.* "Orders affecting a substantial right 'discontinue an action, prevent an appeal, grant or refuse a new trial, or strike out an action or defense.'" *Edwards v. SunCom*, 369 S.C. 91, 94, 631 S.E.2d 529, 530 (2006) (quoting *Mid-State Distribs., Inc.*, 310 S.C. at 334 n.4, 426 S.E.2d at 780 n.4).

In *Tillman*, the circuit court dismissed several of the defendant's counterclaims and denied the defendant's oral motion to amend the counterclaims. 420 S.C. at 248, 801 S.E.2d at 758. However, the circuit court gave the defendant leave to file a formal motion to amend. *Id.* at 248, 801 S.E.2d at 758-59. On appeal, this court determined that if the circuit court ultimately denied the motion to amend, the defendant would have the right to appeal that denial after the lawsuit ended. *Id.* at 250, 801 S.E.2d at 760. This court concluded, "[The defendant's] rights have yet to be finally determined by the circuit court. [The defendant] has not reached the end

of the road, however long and winding he may have made it.  The order is not immediately appealable."  *Id.* at 251, 801 S.E.2d at 760.

In *Tatnall v. Gardner*, this court determined it lacked jurisdiction to hear an appeal from an order denying a defendant's motion to amend her answer to assert third-party claims against a codefendant because the order neither determined a substantial matter nor prevented a judgment from being rendered from which the defendant could then seek review.  350 S.C. 135, 137-38, 564 S.E.2d 377, 378-79 (Ct. App. 2002).  Similarly, in *Baldwin Construction Co. v. Graham*, our supreme court determined an order denying a motion to amend an answer was not immediately appealable and dismissed the appeal.  357 S.C. 227, 229-30, 593 S.E.2d 146, 147-48 (2004).

Skydive asserts its appeal of the circuit court's denial of its motion to amend its complaint is immediately appealable, specifically under section 14-3-330(2)(a).  Skydive also contends the supreme court held in *Patton v. Miller*, 420 S.C. 471, 804 S.E.2d 252 (2017), that such a denial is immediately appealable.  Although *Patton* addressed the denial of a motion to amend, that motion was not the sole decision being appealed; the supreme court first considered whether the circuit court had erred in partially granting summary judgment.  *Id.* at 479, 485, 489-93, 804 S.E.2d at 256, 259, 261-63.  This court can consider a decision on a motion to amend even though it is interlocutory when it accompanies the appeal of a grant of a motion for summary judgment.  *See Pruitt v. Bowers*, 330 S.C. 483, 488, 499 S.E.2d 250, 253 (Ct. App. 1998) (stating the appeal of an amendment order was interlocutory and generally would not have been appealable except that it accompanied an appeal from the grant of summary judgment).  *Patton* is in keeping with the practice of allowing interlocutory appeals when they accompany an appeal with any immediately appealable issue.  *See Ferguson v. Charleston Lincoln Mercury, Inc.*, 349 S.C. 558, 565, 564 S.E.2d 94, 98 (2002) (stating the supreme court "reviews interlocutory orders when they contain other appealable issues"), *overruled on other grounds by Hughes ex rel. Est. of Hughes v. Bank of Am. Nat'l Ass'n*, 442 S.C. 113, 139-40 n.7, 898 S.E.2d 102, 116 n.7 (2024).

The order here is not immediately appealable.  However, Skydive may appeal the trial court's order denying its motion to amend its complaint at the conclusion of the present action.  The order denying Skydive's motion to amend did not determine a substantial matter forming the whole or a part of some cause of action or defense.  Nor did the order discontinue an action, prevent an appeal, grant or refuse a new trial, or strike an action or defense as section 14-3-330(2) provides.  Accordingly, we dismiss the appeal.

**APPEAL DISMISSED.**[3]

**WILLIAMS, C.J., and KONDUROS and VERDIN, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.